UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Gregory S. Smallwood

    v.

Andrew Saul, Commissioner,
Social Security Administration

Civil No. 20-cv-133-JD
Opinion No. 2021 DNH 007


O R D E R

Gregory Smallwood filed a motion, pursuant to 42 U.S.C. § 405(g), to reverse and remand the Commissioner's decision that denied his application for disability benefits. In response, the Commissioner moves to remand the case under sentence four of § 405(g). Smallwood objects to the motion to remand, because the scope of the requested remand is not limited to the time period addressed in the ALJ's decision.


Background

Gregory Smallwood applied for social security benefits, alleging a disability beginning on March 7, 2017. A hearing was held on November 7, 2018. On February 27, 2019, the ALJ issued a decision in which he found that Smallwood had not been disabled from March 7, 2017, through the date of the decision. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Smallwood sought judicial review of that decision, seeking to reverse the decision and remand the case. In support he argued that the ALJ erred in failing to find that his diabetes was a severe impairment and in failing to consider the effects of diabetes on Smallwood's overall health. He also argued that the ALJ erred by refusing to consider evidence from vocational expert David Meuse that was submitted after the hearing.

The Commissioner agrees that there were errors in the ALJ's decision and that the case should be remanded for further proceedings. In the motion to remand, the Commissioner asks the court to remand the case to the Appeals Council with the following instruction:

> Upon remand by this Court, the Appeals Counsel will remand the case to an ALJ and instruct the ALJ to: 1) obtain evidence from a medical expert; 2) further evaluate Plaintiff's residual functional capacity; 3) admit and evaluate the evidence from vocational expert David Meuse; and 4) obtain supplemental evidence from a vocational expert.

Doc. no. 15-1, at *1.

Apparently, Smallwood filed a separate application for benefits.[1] Based on that application Smallwood was found to be

---

[1] Although the parties appear to agree that Smallwood was granted benefits in a different case, they do not cite to the record or a supplement to the record to show the nature of that proceeding.

disabled as of February 28, 2019, the day after the first decision.  That decision is not before the court.

## Discussion

Smallwood objects to the remand requested by the Commissioner because it does not limit the scope of the proceedings on remand to the period that was considered and decided in the decision under review, March 7, 2017, to February 27, 2019.  Without that limitation, Smallwood believes the Commissioner will reopen the subsequent and separate favorable proceeding as a part of this remand.  The Commissioner argues that the court is not authorized to limit the scope of the remand to the period that was decided in the ALJ's decision and also argues that under regulatory framework he may reopen the other proceeding.

The decision under review addressed the issue of whether Smallwood was disabled during the period between March 7, 2017, and February 27, 2019, and the ALJ decided that he was not disabled during that time.  The Commissioner disagrees with that decision and asks the court to remand the case.  The Commissioner cites no authority that would allow the court to consider whether Smallwood was disabled during a different period or include another period for purposes of remand.  In

fact, the Commissioner asserts that the court is precluded from addressing the subsequent decision.

The same issue was recently raised and decided in the District of Maine. Heather B. v. Saul, 2020 WL 6163126 at *1 (D. Me. Oct. 21, 2020) (accepting report and recommendation Heather B. v. Saul, 2020 WL 5106585 (D. Me. Aug. 31, 2020)). There, the Commissioner made the same arguments that he makes here and cited the same regulations and cases in support. The magistrate judge issued a report and recommendation that addressed the issues and the cited authorities. Id. at *2-*3. The magistrate judge concluded that the court is authorized to limit the scope of review on remand to the period of time addressed in the decision under review. Id. at *3-*4. The court adopted the report and recommendation and limited the scope of the remand to the time period covered by the ALJ's decision. 2020 WL 6163126, at *1.

Here, as in Heather B., the Commissioner argues that the regulations pertaining the Commissioner's ability to reopen cases precludes the court from limiting the temporal scope of the remand. The Commissioner is off track. Whether or not the Commissioner may reopen the subsequent case that resulted in a decision in Smallwood's favor is not before the court in this case. That proceeding is not under review here. Therefore, the

4

regulations pertaining to reopening and the cases cited are inapposite to the issue raised here. Heather B., 2020 WL 5106585, at *2.

The reasoning in the Heather B. report and recommendation, which was accepted by the court in that case, is directly on point, persuasive, and need not be repeated here. The court agrees that it has the authority to limit the scope of a remand to the time period that was addressed in the ALJ's decision, which is the time period under review.

Further and contrary to the Commissioner's argument, courts are authorized to direct the scope of a remand. Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001) ("The question of what instructions should accompany a remand order will turn on the nature of the error at the ALJ proceedings."); see also Warner v. Astrue, 2010 DNH 095, 2010 WL 2266874, at *2 (D.N.H. June 3, 2010). In fact, the Commissioner, himself, asks for specific instructions on remand. The court will provide the instructions on remand requested by the Commissioner and also will limit the scope of the remand of this case to time period that was considered and decided by the ALJ, March 7, 2017, to February 27, 2019.

Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 14) and the Commissioner's motion to remand (document no. 15) are granted to the extent that the decision of the ALJ issued on February 27, 2019, is reversed and the case is remanded with the following instructions and limitation.

Upon remand, the Appeals Counsel will remand the case to an ALJ and instruct the ALJ to:

1) obtain evidence from a medical expert;

2) further evaluate Plaintiff's residual functional capacity;

3) admit and evaluate the evidence from vocational expert David Meuse; and

4) obtain supplemental evidence from a vocational expert.

The scope of this remand is limited to the period that was reviewed by the ALJ in the underlying decision, which is March 7, 2017, through February 27, 2019.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 11, 2021

cc:  Counsel of record.

6